# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Scott Boyd Burgess,**
**Petitioner Below, Petitioner**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 17-1009** (Fayette County 17-C-212)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Scott Boyd Burgess, pro se, appeals the October 16, 2017, order of the Circuit Court of Fayette County denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Julianne Wisman, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case concerns the arson of a mobile home wherein petitioner was residing with eleven other individuals, including petitioner's ex-wife with whom he was attempting a reconciliation. In January of 2010, petitioner was indicted on one count of first-degree arson for setting the mobile home on fire and on one count of first-degree murder because another of the occupants, who was inside the residence, died from smoke inhalation. Petitioner's trial was initially scheduled for

---

[1]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

March 9, 2010. However, in March of 2010, petitioner's first attorney moved for a continuance. The circuit court rescheduled the trial for May of 2010, but the trial did not begin on that date. Instead, between May of 2010 and April of 2011, the circuit court appointed four different attorneys to represent petitioner. Petitioner filed motions to remove the first three of those attorneys and to appoint substitute counsel based on his claims of ineffective assistance.[2]

The fourth attorney who was appointed as counsel remained as such through the trial. In April of 2011, petitioner's case came on for trial. The State presented evidence that petitioner was angry that his ex-wife decided to leave him and that he threatened to burn her belongings. The State also presented evidence that petitioner made incriminating statements to a neighbor and a sheriff's deputy about burning down the mobile home in which the couple was living. The jury found petitioner guilty of first-degree murder of the mobile home resident who died from smoke inhalation as a result of petitioner's commission of first-degree arson. In June of 2011, the circuit court sentenced petitioner to a life term of incarceration with the possibility of parole. In *State v. Burgess*, No. 11-1094, 2012 WL 3104312, at *3 (W.Va. May 29, 2012) (memorandum decision), this Court found that the evidence was sufficient to sustain petitioner's conviction and affirmed the circuit court's judgment.

In August of 2012, petitioner filed a petition for a writ of habeas corpus, and the circuit court appointed habeas counsel. In December of 2013, petitioner's counsel filed an amended habeas petition and a *Losh* checklist in which petitioner raised fourteen grounds for relief: (1) denial of the right to a speedy trial; (2) ineffective assistance of trial and appellate counsel; (3) irregularities in arrest; (4) excessiveness or denial of bail; (5) refusal to subpoena witnesses; (6) lack of a full public hearing; (7) constitutional errors in evidentiary rulings; (8) sufficiency of evidence; (9) petitioner's absence from part of the proceedings; (10) improper communications between the prosecutor or a witness and the jury; (11) cumulative effect of numerous errors; (12) newly discovered evidence; (13) incomplete transcript; and (14) intoxicated witnesses testifying with knowledge of prosecution.[3]

The circuit court held an omnibus habeas corpus hearing on February 10, 2014, and March 24, 2014. At the February 10, 2014, hearing, petitioner acknowledged on the record that the *Losh* list was a complete and accurate reflection of those grounds for relief that petitioner wished to assert and that he was freely, voluntarily, and with the assistance of counsel, waiving all other grounds not asserted in the *Losh* list. The circuit court also heard testimony from petitioner, the attorney who represented him at trial, and the lead investigating detective. At the March 24, 2014, hearing, the circuit court heard the testimony of a fourth witness who testified that she observed two witnesses drinking beer outside the courthouse during a recess in petitioner's trial. Based on the evidence presented, the circuit court denied habeas relief by order entered on July 2, 2014.

---

[2]Petitioner's trial was continued with each new appointed counsel.

[3]In *Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

Petitioner appealed the circuit court's July 2, 2014, order in *Burgess v. Ballard*, No. 14-0750, 2015 WL 7628844 (W.Va. November 23, 2015) (memorandum decision). This Court found that petitioner's arguments on appeal were "based on his contentions that his various appointed attorneys would not comply with his directions" and that "[t]he record is clear that these same arguments were adjudicated below." *Id.* at *2. This Court found that the circuit court did not err in denying petitioner's habeas petition and "adopt[ed] and incorporate[d] [the circuit court's] well-reasoned findings of fact and conclusions of law" and affirmed the July 2, 2014, order. *Id.* at *3.

Petitioner initiated this habeas proceeding on June 7, 2017, and then filed an amended petition on September 6, 2017, alleging that his habeas attorney had been ineffective in the first such proceeding.[4] By order entered October 16, 2017, the circuit court determined that there was no merit to petitioner's claim that habeas counsel failed to adequately review the *Losh* list with petitioner. The circuit court found that, in the earlier proceeding, habeas counsel "informed the [c]ourt that he had thoroughly reviewed and explained the *Losh* [l]ist with . . . [p]etitioner prior to the omnibus hearing" and that, "upon inquiry by the [c]ourt, . . . [p]etitioner affirmed [h]abeas [c]ounsel's responses to the [c]ourt's questioning and advised the [c]ourt that he fully understood the concept of waiver and the purpose behind the *Losh* [l]ist." (Emphasis and citations to the record omitted.).

More generally, the circuit court found that petitioner's claims satisfied neither prong of the applicable *Strickland/Miller* standard for evaluating ineffective assistance of counsel:

> At first blush, the [o]riginal [p]etition and [a]mended [p]etition appear quite lengthy, but a detailed review reveals, and the [c]ourt accordingly **FINDS**, that the vast majority of [their] content is a restatement of the exact grounds and issues raised and thoroughly adjudicated on the merits in the earlier habeas matter. [Petitioner] simply restates each of his earlier claims as put forth in his first habeas petition, and then essentially argues that[,] since he did not receive relief upon those claims, or upon appeal of this [c]ourt's [f]inal [o]rder denying relief on those claims, then [h]abeas [c]ounsel's performance must have been deficient. While it is clear that [petitioner] would have this [c]ourt belabor a second review of each of the grounds raised in the underlying habeas proceeding, the [c]ourt will not now revisit these same issues even though they are cloaked in an ineffective assistance of habeas counsel claim and put forth in this [p]etition with only slightly different nuances, as the [c]ourt **FINDS** that these issues have been fully and fairly adjudicated in the earlier proceeding.

> ****

> Even if this [c]ourt assumed *arguendo* that some of [p]etitioner's claims had

---

[4]The instant habeas petition was petitioner's third such petition. Petitioner's second habeas petition was dismissed without prejudice after petitioner filed it in his first habeas proceeding, a closed case.

merit and [petitioner] could establish a deficiency on the part of [h]abeas [c]ounsel, [p]etitioner's claims must still fail. [Petitioner] simply cannot overcome the prejudice hurdle, as the claims raised by [petitioner] were thoroughly adjudicated, not only based upon the evidence put forth by [petitioner] and his [h]abeas [c]ounsel, but also upon the evidence existing in the record of the underlying criminal matter. Based upon the record in its entirety, this [c]ourt remains steadfast in its belief that, under the prejudice prong of *Strickland/Miller*, [petitioner] is unable to establish that any error on the part of [h]abeas [c]ounsel rose to the level of constitutional error that more likely than not would have resulted in a different outcome, either in the underlying habeas proceeding or on appeal to the West Virginia Supreme Court of Appeals.

(Emphasis and footnotes omitted.). Accordingly, the circuit court denied petitioner's habeas petition.

Petitioner now appeals the circuit court's October 16, 2017, order denying the instant habeas petition. We review the circuit court's order under the following standards:

1.      "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

****

3.      "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 and 3, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).

On appeal, petitioner argues that he properly raised claims that his habeas attorney was ineffective in a successive petition. *See* Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) (holding that "[a] prior omnibus habeas corpus hearing is *res judicata* as to all matters

4

raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing . . .") Petitioner further argues that the circuit court's findings were not sufficient to support its conclusion that his ineffective assistance claims lacked merit. *See* Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997) (holding that West Virginia Code § 53-4A-7(c) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention raised). Finally, petitioner argues that the circuit court erred in denying his habeas petition without a hearing or appointment of counsel. Respondent counters that the circuit court correctly denied petitioner's petition. We agree with respondent.

Based on our review of petitioner's petition, his amended petition, the circuit court's order, and the other documents contained in the appellate record, we find that the circuit court's findings were sufficient to adjudicate petitioner's claims of ineffective assistance of habeas counsel. We concur with the circuit court's findings that, under the guise of ineffective assistance of counsel, petitioner rehashed claims that were previously and finally adjudicated, and assuming *arguendo* that counsel was deficient in some way, such deficiency did not change the outcome of petitioner's first habeas proceeding. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition without a hearing or appointment of counsel. *See* Syl. Pt. 3, *Anstey*, 237 W.Va. at 412, 787 S.E.2d at 865.

For the foregoing reasons, we affirm the circuit court's October 16, 2017, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:   June 17, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison